Alan SAMPSON, et al.

v.

MARSHALL BRASS CO.

v.

CAST–MATIC CORP.

v.

MARSHALL GAS CONTROLS, INC.

No. 94–256–Appeal.

Supreme Court of Rhode Island.

July 14, 1995.

Joel Goldman, Robert Fine, Frank Muggia, Jeffrey Michaelson.

Julius Michaelson.

### ORDER

This case came before a hearing panel of this court for oral argument on June 27, 1995, pursuant to an order directing both parties to show cause why the issues raised in the appeal should not be summarily decided. We conclude, after hearing arguments of counsel and reviewing the memoranda filed by the parties, that cause has not been shown and that the issues should be summarily decided.

This appeal presents for consideration the novel question of whether Rule 37(b)(2) of the Superior Court Rules of Civil Procedure permits dismissal with prejudice of the plaintiff Alan Sampson's product-liability action against the defendant, Marshall Brass Co. the manufacturer, of an alleged defective brass-regulator fitting used in the assembly of a propane-fueled barbecue grill on the ground of spoliation of evidence when the spoliation is neither willful, intentional, or the result of negligence on the part of plaintiffs.

There is no question but that the brass-regulator fitting in question is discoverable evidence. The failure or inability of a plaintiff to produce such discoverable evidence in criminal cases has been discussed in *State v. Morejon*, 603 A.2d 730, 733–734 (R.I.1992). *See also*, Rule 16, subsections (a)(4) and (g)(2), (i), of the Superior Court Rules of Criminal Procedure.

On the civil side, it appears uncertain whether Rule 37(b)(2) permits dismissal with prejudice of a party's action for spoliation of evidence in circumstances in which the inability to produce the requested evidence for discovery is not the result of any willful or intentional conduct on the part of the litigant. In the absence of a record exploring the reasons for the inability of the plaintiffs in this case to produce the missing brass-regulator fitting, we are of the opinion that Rule 37(b)(2) does not permit such drastic consequences as dismissal with prejudice.

Accordingly the plaintiffs' appeal is sustained, and this matter is remanded to the Superior Court for an evidentiary hearing on the reason or reasons for the inability of the plaintiffs to produce for inspection the missing valve fitting and the existence or nonexistence of alternatives to the presentation of the actual valve fitting.

SHEA and LEDERBERG, JJ., did not participate.